## THOMAS THOMPSON, plaintiff in error, *v.* THE PEOPLE, defendants in error.

Where a juror is challenged to the favor, the triors are to decide whether he is, at the time of the trial, "altogether indifferent;" the inquiry is not confined to the state of the juror's mind before coming to court, but if anything has occurred in court which has produced on his mind an impression of the guilt or innocence of the prisoner, it is a sufficient reason for finding the juror not to be indifferent between the parties.

THIS was a writ of error to the Court of General Sessions for the city and county of New-York.

On the 13th of April, 1856, the prisoner, who had been indicted for burglary, was arraigned and pleaded guilty, and was sentenced, by the recorder, to five years' imprisonment in the state prison. Before the sentence was entered upon the records of the court, the prisoner was permitted to withdraw his plea of guilty, and to put in a plea of not guilty. On the next day the cause came on for trial before Elisha P. Capron, city judge. After several persons had been called as jurors and set aside on challenges for principal cause and favor, Charles Van Dyke was called as a juror, and appeared, and having been challenged to the favor by the counsel for the prisoner, triors were appointed and sworn, and the said Charles Van Dyke was sworn to testify as to his competency to serve as a juror. He testified, among other things, that the fact of the prisoner's

having pleaded guilty the day before, and being sentenced to the utmost extent of the law, had produced an impression on his mind as to the guilt of the prisoner. This testimony having been objected to by the district attorney, it was, on his motion, stricken out by the court, to which decision the counsel for the prisoner excepted.

Defendant's counsel asked the court to charge the triors that they had a right to take into consideration, in determining whether or not the juror stood indifferent, any impression upon the juror's mind formed from the proceedings in court at the time the prisoner put in his plea of guilty and was sentenced to imprisonment in the state prison. The court refused to charge this proposition, to which decision of the court, refusing to charge said proposition, the counsel for the prisoner duly excepted. The triors found the challenge not true, and the said Charles Van Dyke was sworn as a juror to try the cause. After several more persons had been called as jurors, and set aside on challenge for principal cause and favor,

*John C. Bishop* was called as a juror and appeared, and having been challenged for favor on the ground that he had formed and expressed an opinion upon the guilt or innocence of the prisoner, by the counsel for the prisoner, and such challenge having been denied by the counsel for the people, and tried by triors duly appointed and sworn, and the said John C. Bishop having been sworn to testify the truth as to his competency to serve as a juror, testified as follows :

*Question.* Has what you have heard in court to-day produced any impression upon your mind as to the guilt or innocence of the prisoner?

*Answer.* I have heard the testimony given by other jurors on their examination in court to-day; I have also heard others here in court speak upon the subject of the prisoner's guilt or innocence.

Thompson v. The People.

The district attorney contended that the foregoing answer was inadmissible as evidence, and asked the court to strike it out. The court granted the motion of the district attorney to strike out said answer. To which said decision of the court the prisoner's counsel duly excepted.

*Question.* Have you any impression, formed at any time, resting on your mind as to the guilt or innocence of the prisoner?

This question was objected to by the district attorney, on the ground that the prisoner's counsel had no right to inquire as to impressions upon the mind of the said Bishop, formed from the proceedings in the court on that or the previous day. The court decided that the question should be limited to impressions formed before the proceedings in court on that and the previous day had taken place, and that any impressions resting upon the mind of the said Bishop, which were formed from such proceedings in court, were not a proper subject of inquiry. To said decision, and each and every part thereof, the counsel for the prisoner then and there duly excepted.

The jury having found the prisoner guilty, he was sentenced to imprisonment in the state prison for the term of five years.

*H. L. Clinton*, for the prisoner.

I. The court erred in overruling the question put by appellant's counsel to the juror, Van Dyke: "*Question.* From all these circumstances, have you an impression upon your mind as to whether or not the prisoner is guilty?" On the previous day the prisoner pleaded guilty, and was sentenced to the utmost extent of the law. The following language, used by the Supreme Court, in *People v. Bodine* (1 *Denio*, 308), is applicable to the point here involved: "Indeed, any and every fact or circumstance, from which bias, partiality or prejudice may justly be

inferred, although very weak in degree, is admissible in this issue." (*Id.*, 281; *Freeman* v. *People*, 4 *id.*, 9; *People* v. *Mather*, 4 *Wend.*, 421; *People* v. *Honeyman*, 3 *Denio*, 121; *People* v. *Carnel*, 2 *Park. Cr. R.*, 272.)

II. The court below erred in refusing to charge the triors, that, in determining whether or not the juror stood indifferent, they had a right to take into consideration any impression upon the juror's mind, formed from the proceedings in court at the time the prisoner put in his plea of guilty, and was sentenced to imprisonment in the state prison.

III. The court below erred in striking out the answer of the juror, John C. Bishop.

*A. Oakey Hall* (District Attorney), for the people.

The prisoner pleaded guilty to an indictment for burglary, and, *in favorem libertatis*, was permitted to withdraw his plea and was duly convicted by a jury. Of his full guilt there is no question. There are simply technical exceptions to challenges, and to the indorsement of the indictment.

One of the exceptions comes to a question in criminal cases, which are tried quite as much out of court as in court, that it is very important to settle, viz., whether from any act of a prisoner or declaration of counsel in court, during progress of trial, very possible to be made for the purpose of influencing a juror, a bias or impression of guilt thus formed can become ground for a challenge other than the arbitrary one of peremptory.

I. Challenges to the favor, in these instances, were upon impressions as to the guilt or innocence of the prisoner. Now these impressions are always upon knowledge or hearsay of the facts or circumstances of the case out of which guilt or innocence proceed. (*People* v. *Bodine*, 1 *Denio*, 281, *and law passim.*) 1. Challenge to the favor is for matters that have happened out of court. If matters occur in court, which the prisoner thinks may be prejudicial to his case, he has his

Thompson *v.* The People.

arbitrary challenge. To lay down any other rule would be
to convert the court room into a place where, by the ingenuity or artifice of counsel or prisoner, he might continue
from day to day and term to term to prejudice and bias every
juror called to the stand. When the law says every man
must be indifferent (speaking as to favor), it means this, that
any opinion, bias or prejucice must arise from some
acquaintance with the facts or circumstances of the case.
You cannot predicate guilt or innocence in law of anything
but matters of evidence. A man being a phrenologist, or a
physiognomist, or a spiritualist, might form an impression
of guilt from the looks, bearing and demeanor in court of
a prisoner. But shall the already too elastic rules of challenge exclusion be stretched to shut such a juror from the
box ? I once knew a counsel ask the question, " Have you
an impression that the prisoner is guilty because I am his
counsel ?" The Appellate Court will at once perceive that
the two jurors were allowed to be questioned as to their
impressions prior to coming into the court room or as to
impressions formed out of the court room.

*By the Court,* MITCHELL, J.—Thompson was tried at the
General Sessions, and found guilty of burglary : he brings
a writ of error to reverse the judgment. On the thirteenth
of April, he was brought into court and pleaded guilty, and
was thereupon sentenced to five years' imprisonment ; but
before the sentence was entered on the records, he was
allowed to withdraw his confession and to plead not guilty ;
his trial was appointed for the following day. Two jurors
were challenged for favor, as having formed and expressed
an opinion. The court ruled that any impression of the
guilt of the prisoner, which they had formed from the proceedings in court, on the thirteenth of April, was not a
proper subject of inquiry; to this ruling the defendant
excepted. In the language of Chitty (1 *Chit. Cr. L.*, 544),
" the question to be tried" (in such case) " is, whe-

ther the juryman is altogether indifferent, as he stands unsworn." The time thus fixed is the period at which the trial of his indifferency takes place before the triors; the issue submitted to the triors is in the present tense : "is he indifferent," and the finding is to be in the present tense, "that he is or is not indifferent." No exception is stated to this rule, and none can be justly engrafted on it. The accused is entitled to a trial by men who do not yet believe him guilty, or his trial is a sham. The confessions made by the prisoner, any time before the day when he was brought into court, could have produced no stronger impression of his guilt, than his plea of guilty at that time, yet an impression from such a source would have excluded the juror beyond doubt; so that the acts or confessions of the accused do not form an exception to the rule. Suppose each juror had actually come to the conclusion that the prisoner, being of sound mind, could not have pleaded guilty without being guilty, and that he was in fact guilty, can it be said (and that is the only question here) that the triors would not have had cause to find them not indifferent ? Or the question may be put in a still stronger form : if the executive were satisfied that a man had been convicted by jurors who had thus prejudged the case, would he not feel bound to pardon the prisoner? The prosecution would not be allowed to prove the prisoner's confession of guilt as evidence on the trial in chief; yet by admitting jurors, on whom it had produced a belief of the guilt of the prisoner, it has its full effect as evidence, without the possibility of the prisoner repelling it.

The judgment should be reversed, and a new trial be had at the General Sessions.

Judgment reversed and new trial awarded.